IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **DARRELL TRIP #1566185** | § § § | |
| V. | § | A-09-CA-522-JN |
| | § § | |
| **GATEWAY FOUNDATION and** | § | |
| **MR. WEBER, Director of Gateway** | § | |
| **Foundation** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable James R. Nowlin, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Defendants' Motion to Dismiss (Document No.10 ); and Plaintiff's response thereto (Document No. 13). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time Plaintiff filed his civil rights complaint, he was confined in the Kyle Unit, which is operated by Management and Training Corporation. The Kyle Unit offers The Gateway Foundation Substance Abuse Treatment Program.

1

According to Plaintiff, he arrived at the Kyle Unit on April 3, 2009. On May 4, 2009, Plaintiff indicates he signed a form, stating he refused to participate in the treatment program due to his Islamic religious beliefs. The following day Plaintiff was allegedly served with two major disciplinary cases due to his refusal to take part in an assessment and his refusal to sign a consent form. Plaintiff asserts he was told the process to be removed from the treatment program required that he be given five minor disciplinary cases that would add up to one major case. According to Plaintiff, he was given several disciplinary cases and was told he had to sign a new refusal form. Plaintiff allegedly told Gateway representatives they should use the original form.

Plaintiff indicates he received disciplinary cases on May 28, May 29 and June 3 for refusing to attend the Gateway program. On June 4, 2009, Plaintiff asserts he was placed in administrative segregation. While in administrative segregation, Plaintiff claims he was denied access to religious services. Plaintiff also alleges he was told he had to sign more refusal forms and that he needed one more disciplinary case to start the removal and discharge process. Plaintiff was subsequently transferred to the Estelle Unit of the Texas Department of Criminal Justice. Plaintiff sues the Gateway Foundation and its director, Mr. Weber. He seeks monetary damages.

Defendants move to dismiss Plaintiff's complaint. They generally argue Plaintiff has failed to properly plead and has failed to state a claim upon which relief can be granted.

Plaintiff's response is unrelated to his original complaint. Plaintiff responds he is entitled to a parole revocation hearing. Although it is not clear, Plaintiff appears to complain that he was transferred to the Estelle Unit due to medical reasons but was not released from the program.

DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Bell Atlantic v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal

conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Even after Twombly, though, courts remain obligated to construe a pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

Plaintiff generally lists his claims as religious discrimination, harassment, denial of due process and wrongful detainment. However, Plaintiff has failed to adequately plead that the defendants are responsible for any of these alleged constitutional violations or that Director Weber was personally involved.

## RECOMMENDATION

It is therefore recommended that Defendants' Motion to Dismiss be granted and Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 be dismissed without prejudice.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

4

within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of October, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE